1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9

10   JUSTIN ROMELL BREDFORD,                No.  1:24-cv-01056-SAB (PC)

11                    Plaintiff,            ORDER DENYING PLAINTIFF'S MOTION
                                            FOR APPOINTMENT OF COUNSEL,
12          v.                              WITHOUT PREJUDICE

13   CDCR, et al.,                          (ECF No. 18)

14                    Defendants.

15

16          Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

17   U.S.C. § 1983.

18          Currently before the Court is Plaintiff's motion for appointment of counsel, filed

19   December 3, 2024.  Plaintiff requests appointment of counsel because he is a mental health

20   inmate, indigent, has limited access to legal resources, and does not comprehend this action.

21   (ECF No. 18.)

22          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

23   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to

24   represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for

25   the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

26   circumstances the court may request the voluntary assistance of counsel pursuant to section

27   1915(e)(1).  Rand, 113 F.3d at 1525.

28

                                              1

1    Without a reasonable method of securing and compensating counsel, the court will seek

2    volunteer counsel only in the most serious and exceptional cases.  In determining whether

3    "exceptional circumstances exist, the district court must evaluate both the likelihood of success

4    on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

5    complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

6    In the present case, the Court does not find the required exceptional circumstances.  Even

7    if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations

8    which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

9    similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to

10   his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the

11   appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most

12   actions require development of further facts during litigation and a pro se litigant will seldom be

13   in a position to investigate easily the facts necessary to support the case.")  The test is whether

14   exception circumstances exist and here, they do not.  Although the Court has found that Plaintiff's

15   complaint states cognizable claims, at this juncture, the Court cannot determine the likelihood of

16   success on the merits of Plaintiff's claims.  The likelihood of success on the merits determination

17   is not the same as that required at screening.  Further, a review of the docket reflects that Plaintiff

18   has adequately litigated this action to date, even if with the assistance of another inmate.

19   Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

20

21   IT IS SO ORDERED.

22   Dated:   **December 4, 2024**                    _____

                                                        STANLEY A. BOONE
23                                                      United States Magistrate Judge

24

25

26

27

28