UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN ROMELL BREDFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ACOSTA,<br><br>　　　　Defendant. | No. 1:24-cv-01056-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br><br>(ECF No. 31) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion to compel, filed September 22, 2025. (ECF No. 31.)

**I.**

**BACKGROUND**

This action is proceeding against Defendant Acosta for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment. (ECF No. 13.)

Defendant filed an answer to the complaint on December 26, 2024. (ECF No. 21.) The discovery and scheduling order was issued on January 23, 2025. (ECF No. 26.)

On September 22, 2025, Defendant filed the instant motion to compel. (ECF No. 31.) Plaintiff has not filed an opposition and the time to do so has passed. Local Rule 230(l).

## II.

## LEGAL STANDARD

Defendant is entitled to conduct discovery, which includes the deposition of Plaintiff, to obtain all information pertaining to the factual allegations, and legal claims and defenses at issue in this action. Fed. R. Civ. P. 26(b)(1) & 30. Federal Rules of Civil Procedure 30(a)(2)(B) and (b)(1) allow a party to depose a prisoner by oral examination if the party obtains leave of court and gives other parties "reasonable written notice" of the time and place of the deposition and, if known, the deponent's name and address. "An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds." Fed. R. Civ. P. 30(c)(2). Objections must be stated *concisely* in a non-argumentative and non-suggestive manner. Id. The only authorized exceptions for a deponent to not answer a question are "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [motion to terminate or limit deposition]."

What is privileged is defined by the Federal Rules of Evidence; these rules include the privilege against self-incrimination. Campbell v. Gerrans, 592 F.2d 1054, 1057 (9th Cir.1979). "The principle of Fifth Amendment protection has been construed to permit the privilege to be asserted 'in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.' " Id. (quoting Kastigar v. United States, 406 U.S. 441, 444 (1972)). The Fifth Amendment privilege against self-incrimination applies to evidence that may directly support a criminal conviction, information that would furnish a link in the chain of evidence that could lead to prosecution, and evidence that a witness reasonably believes could be used against him in a criminal prosecution. Maness v. Meyers, 419 U.S. 449, 461 (1972).

A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37. Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent. Under Federal Rule of Civil Procedure 37, when an adverse party fails to cooperate in discovery, the party seeking discovery may move to compel disclosure or

1  discovery. Fed. R. Civ. P. 37(a)(1).  In particular, this type of motion may be made if a deponent
2  fails to answer a deposition question: "[A]n evasive or incomplete disclosure, answer, or response
3  must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3)(B)(i) &
4  37(a)(4).  If the motion is granted and the deponent thereafter fails to comply with the court's
5  order to answer a deposition question, the failure may be treated as contempt of court and the
6  court may issue a variety of sanctions, including dismissal of the action.  See Fed. R. Civ. P.
7  37(b).

## III.

## DISCUSSION

### A.     Defendant's Motion to Compel

Defendant moves to compel Plaintiff to: (1) provide responses to Defendant Acosta's interrogatories, served on April 30, 2025; and (2) provide responses to Defendant Acosta's request for production of documents, also served on April 30, 2025.  (ECF No. 31.)

Despite serving Plaintiff with the interrogatories and request for production of documents on April 30, 2025, Plaintiff has not filed a response to either discovery request.  (Declaration of Lawrence Bragg (Bragg Decl.) ¶¶ 3, 4, Ex. A.)

Based on Plaintiff's complete failure to respond to Defendant's discovery requests, the Court will grant the motion to compel. Plaintiff initiated this lawsuit, and he is obligated to comply with the applicable Federal Rules of Civil Procedure and Local Rules of this court by responding to defendant's discovery requests to the best of his ability. See Hartline v. Nat'l Univ., No. 2:14–CV–00635–KJM–AC, 2018 WL 1014611, at *4 (E.D. Cal. Feb. 22, 2018) (emphasizing that even pro se parties have a duty to comply with discovery obligations). Plaintiff's complete failure to respond to Defendant's discovery requests and his failure to oppose Defendant's motion, means he has waived any objections to those requests and will be ordered to respond. Plaintiff must answer each interrogatory fully in writing under oath. See Fed. R. Civ. P. 33(b)(3). While extensive research is not required, a reasonable effort to respond must be made "and reasonableness is determined by the size and complexity of the case and the resources that a responding party has available to put to the case. L.H. v. Schwarzenegger, No. S–06–2042 LKK

1  GGH, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007) (citation omitted).  Based on the record
2  before the Court, Plaintiff has not made any effort, much less a reasonable one, to respond to
3  Defendant's interrogatories in this case. In addition, Plaintiff must produce all documents in his
4  possession, custody or control that are responsive to defendant's request for production of
5  documents. See Fed. R. Civ. P. 34(a)(1). Accordingly, Defendant's motion to compel shall be
6  granted.

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's unopposed motion to compel (ECF No. 31) is granted. Within **thirty (30)** days from the date of this order, Plaintiff shall serve responses to Defendant's Interrogatories, and Request for Production of Documents, served on April 30, 2025, without objections, on defendants' counsel;

2. All other provisions of the January 23, 2025 Discovery and Scheduling Order remain in effect; and

2. Plaintiff is cautioned that failure to comply with this Court's order compelling discovery may result in further sanctions including the dismissal of this case.

IT IS SO ORDERED.

Dated:  **October 23, 2025**

STANLEY A. BOONE
United States Magistrate Judge