UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN ROMELL BREDFORD,<br><br>                    Plaintiff,<br><br>          v.<br><br>ACOSTA,<br><br>                    Defendant. | No.  1:24-cv-01056-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS THE ACTION BE GRANTED<br><br>(ECF No. 35) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion to dismiss the action for Plaintiff's failure to comply with the Court's order granting Defendant's motion to compel responses to interrogatories and requests for production of documents (ECF No. 32), filed December 15, 2025. (ECF No. 35.)

**I.**

**BACKGROUND**

This action proceeds against Defendant Acosta for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.  (ECF No. 13.)

1

Defendant filed an answer to the complaint on December 26, 2024.  (ECF No. 21.)  After Defendant opted-out of the settlement conference, the Court issued the discovery and scheduling order on January 23, 2025.  (ECF No. 26.)

On September 22, 2025, Defendant filed a motion to compel responses to interrogatories and requests for production of documents.  (ECF No. 31.)  Plaintiff did not file an opposition.

On October 23, 2025, the Court granted Defendants' motion to compel and ordered Plaintiff to serve responses to Defendant's interrogatories and request for production of documents, served on April 30, 2025, within thirty days of service.  (ECF No. 32.)

As previously stated, Plaintiff filed the instant motion to dismiss on December 15, 2025.  (ECF No. 35.)  Plaintiff has not filed an opposition and the time to do so has passed.  Local Rule 230(l).

## II.

## LEGAL STANDARD

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961) ).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); Local Rule 110; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979) ) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 134 (9th Cir. 1987) (dismissal for failure to comply with court order). Moreover, the Federal Rules specifically contemplate dismissal as a potential sanction for a party's failure to comply with an order compelling discovery, Fed. R. Civ. P. 37(b)(2)(A)(v), but "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions," Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

"[The Ninth Circuit has] constructed a five-part test, with three subparts to the fifth part,

to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins. Co., 482 F.3d at 1096 (footnote citations omitted); see also Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). "The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Id. (footnote citation and internal quotation marks omitted).

## III.

## DISCUSSION

Defendant moves to dismiss this action as a sanction for Plaintiff's failure to comply with the Court's order granting Defendant's motion to compel discovery responses. For the reasons explained below, dismissal of this action is appropriate .

### A. Willfulness, Bad Faith, and Fault

The required showing of willfulness, bad faith, and fault "does not require a finding of wrongful intent or any particular mental state." Sanchez v. Rodriguez, 298 F.R.D. 460, 469 (C.D. Cal. 2014). Instead, "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (quotation omitted).

Here, Defendant's motion and supporting documents establish Plaintiff did not respond to the Court's order compelling his responses to the discovery requests. A review of the record in his case reveals that Plaintiff has not participated in this action since March 19, 2025. (ECF Nos. 27, 28.)[1] See Sanchez, 298 F.R.D. at 471 (finding "willfulness, bad faith, and fault" in part where

---

[1] The Court's March 20, 2025, which were returned by the U.S. Postal Service as "undeliverable" were subsequently re-served on Plaintiff at the correct address of record, C.C.I., P.O. Box 1031, Tehachapi, CA 93581.

the court's discovery orders were "served upon plaintiff at his docket address of record, and none of these documents has been returned by the U.S. Postal Service.").

### B. Public Interest in Expeditious Resolution and Court's Need to Manage Docket

Here, Plaintiff's failure to participate in the settlement conference after being ordered to do so precludes an expeditious resolution of this matter and unnecessarily prolongs this case on the court's docket. The public has "an overriding interest" in orderly, expeditious, and inexpensive determination of every action. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006). Delay in reaching the merits is costly "in money, memory, manageability, and confidence in the process." Id. Though cases should generally be disposed of on their merits, a plaintiff is responsible for moving their case to that disposition.

Similarly, any prolonged resolution inhibits the Court's need to manage its docket. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962).

Here, Plaintiff has maintained this action since 2024. Plaintiff's conduct has delayed this litigation, impeding the Court's ability to manage the other cases before it. Plaintiff's unexplained refusal to respond to Defendant's discovery requests served more than seven months ago has resulted in delay to this litigation, and will further delay a resolution of this matter on the merits. Plaintiff failed to respond to the Defendant's motion to compel, failed to respond to the Court's order granting that motion, and failed to respond to the instant motion to dismiss. Plaintiff filed this action, and he is required to litigate it in an efficient and timely manner. This case cannot simply remain idle on the Court's docket, unprosecuted by Plaintiff. The law should not be relegated to recommendation status. To otherwise excuse this conduct, condones disrespect for the law and the rights of all plaintiffs and defendants who seek to prosecute and defend these cases.

### C. Risk of Prejudice to Defendant

Defendant argues he will be prejudiced by Plaintiff's failure to respond to the discovery requests concerning the names of witnesses who could support his claims, written witness

4

statements obtained by Plaintiff, and documents supporting his claims that Defendant applied excessive force causing Plaintiff harm.  Indeed, Plaintiff's failure to comply will prejudice his efforts to evaluate whether a dispositive motion should be filed and could result in unnecessary surprise at trial.  Because Plaintiff's conduct has prejudiced and will continue to cause prejudice to Defendant, the third factor also weighs in favor of dismissal.

### D.  Availability of Less-Drastic Sanctions

As to the availability of lesser sanctions, the relevant questions are: "(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" Malone, 833 F.2d at 132.  "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." Id. at 131-32 (quoting United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 912 (9th Cir. 1986)). A "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001); Malone, 833 F.2d at 132–33; Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir. 1990).

Here, the Court has repeatedly warned Plaintiff that continued noncompliance would result in dismissal and has already tried to impose lesser evidentiary sanctions. (See ECF Nos. 7, 44, 100, 106, 111, 117, 121.)  Indeed, when setting the date and procedures for the settlement conference, the Court explicitly warned: "A failure to follow these procedures may result in the imposition of sanctions by the court." (ECF No. 127.) (emphasis in original). These sanctions and warnings have failed to compel Plaintiff to comply with Court orders or litigate in good faith. Given his ongoing disregard for judicial directives, no lesser sanction will be effective.  Plaintiff has been sufficiently warned of the consequences of failing to comply with the Court's orders, and yet he continues to ignore them.

In an ordinary case, monetary sanctions might serve as an appropriate remedy. However, because Plaintiff is proceeding in forma pauperis, monetary sanctions would be ineffective as he

lacks the financial means to pay them.  Federal courts have consistently held that monetary sanctions are ineffective against indigent litigants. See Pik v. Univ. of Penn., 457 F. App'x 122, 123 (3d Cir. 2012) ("Monetary sanctions would not have been an effective alternative because Pik was proceeding in forma pauperis."); Smith v. McKune, 345 F. App'x 317, 320 (10th Cir. 2009)(internal quotes and citation omitted) ( "lesser sanctions are not just lacking in efficacy. Monetary sanctions are meaningless to a plaintiff who has been allowed to proceed in forma pauperis."); Gonzales v. City of Clovis, No. 1:12-cv-00053-AWI, 2013 WL 1314077, at *2 (E.D. Cal. Apr. 1, 2013) ("[B]ecause Plaintiff is proceeding pro se and in forma pauperis, monetary sanctions are not a viable alternative"); Hazeltine v. Tuolumne Cty. Bd. of Supervisors, No. 1:04-cv-06712-LJO, 2011 WL 39029, at *2 (E.D. Cal. Jan. 5, 2011) ("Alternatives, less drastic than dismissal, do not appear to be realistic. Because Plaintiff is proceeding in forma pauperis, monetary sanctions are not a viable option.").

Despite multiple warnings that noncompliance could result in dismissal, Plaintiff has willfully ignored them. Since no alternative sanction is likely to be effective, terminating sanctions are necessary and warranted.

### E.  Public Policy Favoring Disposition of Cases on the Merits

This factor "lends little support" where the behavior of the party against whom dismissal is sought impeded disposition of the case on its merits. In re: Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006); Sanchez v. Rodriguez, 298 F.R.D. 460, 472 (C.D. Cal 2014.) ("While the fourth factor of the test generally tends to cut against dismissal as a sanction, the public policy favoring the disposition of cases on their merits is not furthered by litigants who ... refuse to provide the defense with critical discovery, thereby hindering the preparation of a defense on the merits."); Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002) (this factor does not preclude dismissal where the other factors weigh in favor of dismissal.).

Plaintiff initiated this action in 2024 but has failed to prosecute it diligently or in good faith. His unexplained refusal to respond to Defendant's discovery requests has delayed resolution and wasted judicial resources.  Plaintiff was warned that the case may be dismissed if he did not

comply with the order granting the motion to compel.  (ECF No. 32 at 4:9-18.)  The discovery and scheduling order also warned Plaintiff that the failure to respond to a dispositive motion could result in a recommendation that the case be dismissed for failure to prosecute.  (ECF No. 26 at 3:12-16.)  Yet, Plaintiff failed to respond to Defendant's motion to compel, order granting Defendant's motion to compel, and the instant motion to dismiss.  Thus, although public policy favors disposition of cases on the merits, Plaintiff's willful disregard for court orders has impeded the disposition of this case on the merits.

In sum, "plaintiff has exhibited disregard for the litigation he commenced and the orderly processes of this Court" such that "he has demonstrated the requisite willfulness and fault ... [and] no lesser sanction [than dismissal] would be effective or suitable...." Wright v. Maritime Overseas Corp., 96 F.R.D. 686, 688 (N.D. Cal. 1983). Plaintiff's status as a self-represented litigant provides no justification entitling him to relief from this sanction, as it is well-established that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted); see also McNeil v. United States, 508 U.S. 106, 113 (1993). Having carefully considered the relevant factors, the undersigned will recommend defendants' request for terminating sanctions be granted.

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1.      Defendants' motion to dismiss this action as a discovery sanction be granted; and

2.      The instant action be dismissed, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge